Dear Representative Bowler:
This office is in receipt of your opinion request in which you ask us to consider a possible conflict between two statutes (R.S.23:1201.3 (C) and R.S. 23:1393 (A)) relative to the Louisiana Worker's Compensation Corporation (LWCC). You present the issues of who possesses the legal authority to suspend or revoke the ability of the LWCC to do compensation business in this state if they are found to be in violation of the Worker's Compensation Act and if such is possible, who should make the determination.
The statutes at issue are as follows:
La. R.S. 23:1201.3 (C) states:
 If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Worker's Compensation Act, the insurance commissioner, on the request of a hearing officer or the director, shall suspend or revoke the license or authority of such insurance carrier to do compensation business in this state.
La. R.S. 23:1393, which creates the Louisiana Workers' Compensation Corporation, states in part:
 (4) The corporation is authorized to operate by this Part and, notwithstanding the provisions of R.S. 22:35 to the contrary, the corporation is not required to obtain a certificate of authority from the commissioner of insurance.
The Louisiana Worker's Compensation Corporation was created by the legislature under the authority of the Louisiana Constitution, Article 12, Section 8.1 which provides in part:
 ". . . the legislature by law may create a private, nonprofit corporation to provide worker's compensation insurance and to deliver related services as provided by law."
Section 8.1 goes on to provide for the board of directors and to make such other general provisions. The authority of the insurance commissioner and insurance code was not discussed except for partially in Section 8.1 (F) which states that the corporation would not be a part of guaranty or insolvency funds authorized by the Insurance Code. As the constitution gave the legislature to authority to create the LWCC, the legislature is body who may expand or constrict the authority and regulation of the LWCC.
In creating the LWCC, the legislature provided for the applicability of other laws in R.S. 23:1394 which states in part:
 A. The corporation shall be subject to all applicable laws of the Louisiana Insurance Code relative to an incorporated domestic mutual insurer, except as otherwise specifically provided in this Part.
 C. If a conflict arises in the application of the law, the provisions of this Part shall govern first, followed by the provisions of the Louisiana Insurance Code, and finally, by the provisions of Title 12 of the Louisiana Revised Statutes of 1950.
Given the above section, R.S. 23:1393 (A) would be followed over R.S. 23:1201.3 (C) in any areas in which there is a conflict. Thus, as stated in the statute, the LWCC does not have to obtain a certificate of authority from the commissioner of insurance. While Title 23, Chapter 10, Part VI does not provide for an instance in which the LWCC violates a provision of the Worker's Compensation Act, it does allow determinations of the LWCC to be appealed to the insurance commissioner (R.S. 23:1415).
R.S. 23:1201.3 (C) as stated above specifically provides for the revocation or suspension of a carrier's license to do compensation business in Louisiana. As the LWCC was created by the legislature under constitutional authority, and as providing compensation insurance is the stated purpose of creating such a corporation, it is the legislature who would be responsible for enacting provisions to deal with a violation by the LWCC. As the legislature did not provide for another entity to make findings of violations of the LWCC and since they did not subject the LWCC to licensing by the insurance commissioner, the legislature is the only body who possesses the legal authority to suspend or revoke the ability of the LWCC to do compensation business in Louisiana.
If you need any additional information, please do not hesitate to contact our office again.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb